IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dwight Xavier Jones, | ) C/A No.: 0:11-754-RBH-PJG |
|                 Plaintiff, | ) |
| vs. | ) |
| Melody James, Cayce Magistrate Court Judge;<br>PSO Bradoc;<br>Cayce Public Safety;<br>Major Quig, Lexington County Detention Center;<br>Captain O'Neil, Lexington County Detention Center;<br>Patsy McDaniel, Lexington County Detention Center, | ) **REPORT AND**<br>) **RECOMMENDATION** |
|                 Defendants. | ) |

The Plaintiff, Dwight Xavier Jones (Plaintiff), a self-represented pretrial detainee, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is a detainee at the Lexington County Detention Center ("LCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names a local magistrate,[1] several employees of the LCDC, Cayce Public Safety, and an employee of Cayce Public Safety as defendants.[2] Having reviewed the complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted as to Defendants Melody James and Cayce Public Safety. An Order directing the

---

[1] In South Carolina local magistrates are judicial officers of the state's unified judicial system. See S.C. Code Ann. § 14-1-70; Davis v. Cnty. of Greenville, 470 S.E.2d 94, 96 (S.C. 1996).

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

issuance and service of process for the remaining defendants shall be filed contemporaneously with this Report and Recommendation.

## BACKGROUND

Plaintiff, a pre-trial detainee, alleges he missed a court deadline, or deadlines, because the detention center will not allow legal-sized mail to be delivered to detainees unless it is from a law firm.  He further alleges that he has no access to a law library.  Plaintiff states he was arrested for simple assault, which was upgraded to assault and battery of a high and aggravated nature, but was subsequently reduced to a simple assault charge again.  Plaintiff alleges the investigators have fabricated information and are running an "improper investigation."  Plaintiff states that he is "accused of firing a gun I'm hit with twice only three shots fired but I fired into a crowd several times and this is the indictment."  Plaintiff further states that there is mold on the walls of the LCDC, that there are no fire sprinklers in the cells, and that there are clogged showers which have "fungus contaminated water."[3]  Plaintiff does not state what relief he seeks.

While the pleading is less than clear, Plaintiff also states that ". . . Assistant Solicitor Jennifer Cooper notified the magistrate that the charge was being reduced and the elements and nature as to why, it was the judges call to prosecute she signed the warrant for the felony."  This appears to be the sole allegation raised against Defendant Melody

---

[3] Plaintiff has filed other matters in this court.  A review of those cases reveals that Plaintiff has already complained about the lack of a law library, the lack of fire sprinklers, and mold at the LCDC in Jones v. Cornwell, Civil Action No. 0:11-122-RBH-PJG (D.S.C. 2011), which is still pending before this court.  See Aloe Creme Labs., Inc. v. Francine Co., 425 F. 2d 1295, 1296 (5th Cir. 1970) (the court may take judicial notice of its own records); Mann v. Peoples First Nat'l Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

James, the local magistrate.  As for the Defendant "Cayce Public Safety," there are no clear allegations that pertain to this entity in Plaintiff's Complaint.  It is possible Plaintiff listed "Cayce Public Safety" for descriptive purposes only.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[4]  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

---

[4] Screening pursuant to § 1915A is subject to this standard as well.

This court is required to liberally construe *pro se* complaints. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, <u>id.</u>; <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980); <u>Cruz v. Beto</u>, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. <u>Erickson</u>, 551 U.S. at 93 (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. <u>See</u> <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990); <u>see</u> <u>also</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, <u>Barnett v. Hargett</u>, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

This Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " <u>Albright v. Oliver</u>, 510 U.S. 266, 271(1994) (quoting <u>Baker v. McCollan</u>, 443

U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

As noted above, Plaintiff has named Melody James, a local magistrate, as a defendant in this action. It is unclear from the pleading exactly how Defendant James has allegedly violated Plaintiff's constitutional rights. However, to the extent Plaintiff is attempting to raise a claim against Judge James concerning any judicial acts, this defendant is immune from suit. Judges have absolute immunity from a claim for damages arising out of their judicial actions. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-64 (1978); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); see also Siegert v. Gilley, 500 U.S. 226, 231 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). Because Defendant James is absolutely immune from suit, she is entitled to summary dismissal.

"Cayce Public Safety" is not a "person" subject to suit in a § 1983 civil rights action. To state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." See 42 U.S.C. § 1983; Monell v. Dep't of Soc. Serv., 436 U.S.

658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); see generally 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002).  It is well settled that a defendant in a § 1983 action must qualify as a "person."  However, a local department of public safety is an instrument of a municipality—not an independent entity—and thus not a "person" within the meaning of §1983.  See Terrell v. City of Harrisburg Police Dep't, 549 F. Supp. 2d 671 (M.D. Pa. 2008) ("It is well-settled that police departments operated by municipalities are not "persons" amenable to suit under § 1983."); Petaway v. City of New Haven Police Dep't, 541 F. Supp. 2d 504, 510 (D. Conn. 2008) ("[A] municipal police department is not subject to suit under section 1983 because it is not an independent legal entity."); Buchanan v. Williams, 434 F. Supp. 2d 521, 529 (M.D. Tenn. 2006) (concluding that "police departments are not 'bodies politic'" and therefore are not persons subject to action under § 1983).  Therefore, the defendant "Cayce Public Safety" should be summarily dismissed from this action without prejudice and without service of process.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint be dismissed without prejudice and without issuance of service of process as to Defendants Melody James and Cayce Public Safety.  Process shall issue for the remaining defendants.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 3, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).