IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dwight Xavier Jones, ) | C/A No. 0:11-754-RBH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Major Quig, *Lexington County Detention* ) | |
| *Center*; Patsy McDaniel, *Lexington County* ) | |
| *Detention Center*; Captain Ronald O'Neil, ) | |
| *Lexington County Detention Center*; and PSO ) | |
| Bradacs, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Dwight Xavier Jones ("Jones"), filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights against the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Defendant Bradacs's[1] motion to dismiss. (ECF No. 37.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Jones of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 39.) Jones filed a response in opposition and later supplemented his response. (ECF Nos. 48 & 52.) Defendant Bradacs filed a reply (ECF No. 55), and Jones filed a sur-

---

[1] The court observes that the record contains multiple spellings of this defendant's name.



reply[2] (ECF No. 59). Having reviewed the parties' submissions and the applicable law, the court finds that Defendant Bradacs's motion should be granted.

Defendant Bradacs correctly points out that Jones's Complaint, which largely contains a diatribe against Lexington County and some of its officials, contains no allegations whatsoever against him. (See generally Compl., ECF No. 1 at 3-8.) Moreover, despite multiple filings subsequent to Bradacs's motion, Jones has not cured this deficiency. Rather, in all of the voluminous filings by Jones, the only discernible mention of Defendant Bradacs is an unverified, unsworn implication that Bradacs failed to arrest someone that Jones believes committed a criminal act. (See ECF No. 52; ECF No. 59.) This statement is insufficient to state a plausible claim against Bradacs. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009) (outlining the plausibility standard of pleading for all civil actions); Linda R. v. Richard V., 410 U.S. 614, 619 (1973) (holding that a private citizen has no judicially cognizable interest in the prosecution of another). Accordingly, Defendant Bradacs's Rule 12(b)(6) motion to dismiss should be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 22, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[2] The Local Rules make no provision for sur-replies. Further, under Local Civil Rule 7.07 DSC, "[r]eplies to responses are discouraged." However, even considering Jones's sur-reply, it does not change the court's analysis of the legal issues and its recommendation to grant Defendant Bradacs's motion.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).