IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Dwight Xavier Jones, ) | Civil Action No.: 5:11-cv-00754-RBH-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Major Quig, *Lexington County Detention Center*; Patsy McDaniel, *Lexington County Detention Center*; Captain Ronald O'Neil, *Lexington County Detention Center*; PSO Bradacs; ) ) ) ) ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed this suit pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at Trenton Correctional Institution in Trenton, South Carolina.

On August 4, 2011, Defendant Bradacs filed his [Docket Entry 37] Motion to Dismiss. Because Plaintiff is proceeding *pro se*, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on August 5, 2011, advising Plaintiff of the motion to dismiss/summary judgment procedure and the possible consequences if he failed to adequately respond. On August 26, 2011,[1] Plaintiff filed his [Docket Entry 48] Response in Opposition to the Motion to Dismiss. On September 9, 2011,[2] Plaintiff supplemented that response. *See* Supplement [Docket Entry 52]. Thereafter, Defendant Bradacs filed his [Docket Entry 55] Reply, to which

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

[2] Filing date under *Houston v. Lack*, 487 U.S. 266.

Plaintiff filed a sur-reply,[3] [Docket Entry 59].

This matter is now before the court with the [Docket Entry 95] Report and Recommendation ("R & R") of United States Magistrate Judge Paige J. Gossett[4] filed on December 22, 2011. In her R & R, the Magistrate Judge recommended that "Defendant Bradacs's Rule 12(b)(6) motion to dismiss should be granted." R & R at 2. Plaintiff timely filed Objections, [Docket Entry 102], to the R & R.

## Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*,

---

[3] As the Magistrate Judge correctly noted, the District Court Local Rules make no provision for sur-replies. Rather, under Local Rule 7.07, D.S.C., "[r]eplies to responses are discouraged." Regardless, even after considering Plaintiff's sur-reply in an abundance of caution, the court finds itself in agreement with the Magistrate Judge that Defendant Bradacs's Motion to Dismiss should be granted.

[4] This matter was referred to Magistrate Judge Gossett pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C. This court further notes that the case was reassigned to Magistrate Judge Kaymani D. West shortly after Magistrate Judge Gossett issued her R & R on Defendant Bradacs's Motion to Dismiss. *See* Notice [Docket Entry 99].

687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### Discussion

In her R & R, Magistrate Judge Gossett concluded that "Defendant Bradacs's motion [to dismiss] should be granted." R & R at 2. Specifically, the Magistrate Judge found as follows:

> [Plaintiff's] Complaint, which largely contains a diatribe against Lexington County and some of its officials, contains no allegations whatsoever against [Bradacs]. (*See generally* Compl., ECF No. 1 at 3-8). Moreover, despite multiple filings subsequent to Bradacs's motion, [Plaintiff] has not cured this deficiency. Rather, in all of the voluminous filings by [Plaintiff], the only discernible mention of Defendant Bradacs is an unverified, unsworn implication that Bradacs failed to arrest someone that [Plaintiff] believes committed a criminal act. (*See* ECF No. 52, ECF No. 59). This statement is insufficient to state a plausible claim against Bradacs. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (outlining the plausibility standard of pleading for all civil actions); *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) (holding that a private citizen has no judicially cognizable interest in the prosecution of another). Accordingly, Defendant Bradacs's Rule 12(b)(6) motion to dismiss should be granted.

*Id.* at 2. While Plaintiff filed Objections to the R & R, those Objections stated, in regards to Defendant Bradacs, only the following: "As for Bradacs, they said I failed to state my claim so I restated it. Besides if the Exhibits have officers name it came [sic] be none other than that officer." Obj. at 1. Upon review, nowhere in his Objections does Plaintiff indicate to the court what claim he asserts against Bradacs, nor does he direct the court to where he allegedly "restated" it. Thus, the court finds that the objection is without merit and further concludes, as did the Magistrate Judge, that Defendant Bradacs's Motion to Dismiss should be granted. Plaintiff's actual Complaint, [Docket Entry 1], contains no factual allegations against Defendant Bradacs. Moreover, while Plaintiff has submitted several voluminous filings since Defendant Bradacs moved to be dismissed, in none of

those other filings can the court discern any factual allegations against Bradacs sufficient to state a plausible claim for relief.[5] Similarly, at no point has Plaintiff sought to amend his Complaint in order to add any such claims against Defendant Bradacs. Accordingly, the court concludes that Defendant Bradacs's Motion to Dismiss should be granted.

### Conclusion

The court has thoroughly reviewed the entire record, including the R & R and Objections, and applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Plaintiff's Objections and adopts the R & R of the Magistrate Judge. Accordingly, it is therefore **ORDERED** that Defendant Bradacs's Rule 12(b)(6) Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

                                                s/R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
February 2, 2012

---

[5] For example, in his Supplement to his Response in Opposition, Plaintiff stated that "Bradacs was responsible for failing to enforce the law . . . ." Supplement at 1. However, as the Magistrate Judge accurately found, this statement is insufficient to state a plausible claim against Defendant Bradacs, as "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, at 619 (1973). The court notes that Plaintiff did not object to this finding of the Magistrate Judge.