IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Dwight Xavier Jones, ) | Civil Action No.: 5:11-cv-00754-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Melody James, Cayce Magistrate ) | |
| Court Judge; PSO Bradoc; Cayce ) | |
| Public Safety; Major Quig, ) | |
| Lexington County Detention Center; ) | |
| Captain O'Neil, Lexington County ) | |
| Detention Center; Patsy McDaniel, ) | |
| Lexington County Detention Center, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Dwight Xavier Jones, a state prisoner proceeding *pro* se, filed this 42 U.S.C. § 1983 action while he was a pretrial detainee at the Lexington County Detention Center ("LCDC"). This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Kaymani D. West.[1] In the R&R, the Magistrate Judge recommends that the Court dismiss Plaintiff's action against Defendant Patsy McDaniel *without prejudice*. Defendant McDaniel is the only remaining defendant in this case.

**Procedural History**

Plaintiff filed this § 1983 action on March 29, 2011. Compl., ECF No. 1. The Magistrate Judge directed that the complaint be served on Defendant McDaniel; however, the attempted service upon Defendant McDaniel at LCDC, 521 Gibson Road in Lexington, South Carolina, by the United States Marshal's Service was returned because Defendant McDaniel is no longer employed at LCDC. By Order dated July 16, 2012, the Magistrate Judge instructed Defendant that, under

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

Federal Rule of Civil Procedure 4(m), the Court must dismiss an action against a particular defendant who was not served within 120 days after the complaint was filed. ECF No. 120. Plaintiff was directed to provide the Clerk of Court, within twenty days from the date of the Order, with an updated service form with a correct address for Defendant McDaniel should he desire to attempt service upon Defendant McDaniel again. *Id.* On July 27, 2012, Plaintiff provided a letter and an updated service form that again listed the 521 Gibson Road address. He also explained that he had written to the Court concerning the service of Defendant McDaniel and noted that the Clerk of Court should "[f]ind Patsy if you [about] Justice." ECF No. 124, 125.

The Magistrate Judge issued her R&R on August 1, 2012, recommending that Defendant McDaniel be dismissed from the action *without prejudice* because of Plaintiff's failure to serve her (or to provide a valid address to allow proper service) within the 120-day period provided by Rule 4(m). R&R 2, ECF No. 132. Plaintiff filed timely objections on August 12, 2012. Pl.'s Objs., ECF No. 136.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific

2

error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **Discussion**

The Court reiterates that it may only consider objections to the R&R that direct this Court to a specific error. *See* Fed. R. Civ. P. 72(b); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendation." *Orpiano*, 687 F.2d at 47. Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *Camby*, 718 F.2d at 199.

This Court has reviewed the submission that Plaintiff styles as his "objections," and they are without merit. Plaintiff merely lambasts the Court for not finding Defendant McDaniel, wonders whether he is speaking the Court's language, and looks forward to review by the Fourth Circuit. Pl.'s Objs. 1 Accordingly, none of the objections offered by Petitioner meet the applicable standard set above. In light of the Petitioner's failure to assert any specific objections to the R&R, this Court is not required to respond to his statements because "a district judge should not have to guess what arguments an objecting party depends on when reviewing a [Magistrate Judge's] report." *See Monahan v. Burtt*, No. CIVA 205-2201-RBH, 2006 WL 2796390, at *9 (D.S.C. Sept. 27, 2006)

3

(quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988)). The Court finds no clear error in the Magistrate Judge's recommendation.

**Conclusion**

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules all of Plaintiff's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** Plaintiff's § 1983 claim against Defendant Patsy McDaniel is **DISMISSED** *without prejudice*. Because Defendant McDaniel is the only remaining defendant, **IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** in its entirety.

**IT IS SO ORDERED.**

                s/ R. Bryan Harwell
                R. Bryan Harwell
                United States District Judge

August 15, 2012
Florence, South Carolina